UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| CHARLES W. ELSEA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cv-00287 |
| | ) | |
| NEAL PINKSTON, *et al.*, | ) | Judge Reeves/ Steger |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. Introduction

Charles W. Elsea, *pro se*, has filed an application to proceed *in forma pauperis* [Doc. 1]. Under 28 U.S.C. § 1915(e)(2), the Court must screen all actions filed by plaintiffs seeking *in forma pauperis* status and dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) and *La Fountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Smith v. Lindamood*, Case No. 1:16-cv-86, 2017 WL 444830, *2 (M.D. Tenn. Feb. 2, 2017); *Johns v. Maxey*, Case No. 2:07-cv-238, 2008 WL 4442467, *1 (E.D. Tenn. Sept. 25, 2008). For the reasons stated herein, the Court **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** and the application to proceed *in forma pauperis* be **DENIED AS MOOT**.

### II. Factual Background

Plaintiff is a state prisoner who contends the State of Tennessee failed to disclose and analyze biological evidence prior to his trial, and that the State continues to prevent analysis of

certain evidence. According to the Complaint, Plaintiff was convicted of first degree felony murder, aggravated robbery, and setting fire to personal property in 1997. [Doc. 2 at 7]. Nearly twenty years later, Plaintiff received a July 6, 2016, letter from the Hamilton County District Attorney's Office. [*Id.* at 9]. The letter states that in November 2015, the District Attorney learned that personal evidence collected during autopsies in "hundreds of cases" had been stored unprocessed at the medical examiner's office. [*Id.* at 18]. Approximately 284 homicide cases were implicated, including Plaintiff's. [*Id.*]. According to the District Attorney, the unanalyzed evidence in Plaintiff's case includes head hair, pubic hair, nail clippings, and glass fragments. [*Id.*]. The letter indicates the District Attorney would review each of the homicide cases individually to ensure the integrity of the conviction. [*Id.*]. Plaintiff has not heard anything further on the status of this "unprocessed evidence." [*Id.* at 10].

Plaintiff contends that, during his trial, he "requested that DNA evidence be procured and tested in order to corroborate his defense that he was not the perpetrator of the criminal acts." [*Id.* at 8]. According to Plaintiff, the State did not disclose the existence of the hair, nail clippings, and glass until the 2016 letter. [*Id.*]. Plaintiff claims he "requested and has continued to request that DNA analysis be performed on certain 'unprocessed evidence' that the State concedes is held solely by the State." [*Id.* at 6]. He says that "[i]n essence" the State misled him about the existence of what he calls "potentially exculpatory DNA evidence." [*Id.* at 8]. He claims the District Attorney failed to comply with the Tennessee Post-Conviction DNA Analysis Act of 2001, Tenn. Code. Ann. § 40-30-301, *et seq.*, by not giving Plaintiff the opportunity to have DNA testing conducted on the unprocessed evidence. He does not allege he petitioned for testing in accordance with the Act.

### III. Standard of Review

Generally, the standard to state a claim under 28 U.S.C. § 1915(e)(2) is the same as that required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether the plaintiff has stated a claim upon which relief may be granted, the Court accepts all well-pleaded factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70). Additionally, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### IV. Analysis

Plaintiff's § 1983 action must be dismissed because the well-pleaded allegations of the Complaint do not show the deprivation of a right guaranteed to him by the Constitution or federal law. Plaintiff argues his substantive and procedural due process rights were violated by the State's failure to test certain DNA evidence prior to his trial and the State's continuing failure to analyze the evidence now. But Plaintiff does not have a substantive due process right to post-conviction DNA testing of evidence collected by the State. Likewise, because Plaintiff does not allege he has taken any steps to obtain testing of the "unprocessed" evidence, he has not sufficiently alleged a procedural due process violation.

First, "there is no freestanding substantive due process right to DNA testing." *In re Smith*, 2009 WL 3049202, *4 (6th Cir. Sept. 24, 2009); *District Attorney's Office for Third Judicial Dist. V. Osborne*, 557 U.S. 52, 72 (2009). Plaintiff simply does not have a substantive due process right

to access the State's evidence for DNA testing so he can "present a defense" to the charges he was convicted of nearly twenty years ago.

Nor has Plaintiff alleged a procedural due process violation. "To establish a procedural due process violation, a plaintiff 'must show that the state deprived him or her of a constitutionally protected interest in life, liberty, or property without due process of law.'" *Castanon v. Johnson*, No. 12-5497, 2012 WL 10236221, *1 (6th Cir. Dec. 19, 2012) (*quoting Michael v. Ghee*, 498 F.3d 372, 377 (6th Cir. 2007)). State laws like Tennessee's Post-Conviction DNA Analysis Act may indeed create a liberty interest in accessing biological evidence for testing. *Id.* But Plaintiff has not invoked the State's procedures for obtaining the evidence he seeks and does not claim those procedures are fundamentally inadequate. "While § 1983 may be used to contest whether state procedures for obtaining post-conviction access to DNA evidence comport with the Due Process Clause, '[i]t is difficult to criticize the State's procedures when [Plaintiff] has not invoked them.'" *Violett v. Cohron*, No. 16-5484, 2017 WL 8236191, *2 (6th Cir. Jan. 4, 2017) (*quoting Osborne*, 557 U.S. at 71). Nothing in the Complaint indicates Plaintiff has petitioned for access to the biological evidence identified in the District Attorney's letter. And "[t]he state-imposed requirements for securing DNA analysis under the Act do not themselves create any unconstitutional deprivation." *Alley v. Key*, No. 06-5552, 2006 WL 1313364 (6th Cir. May 14, 2006).

To the extent Plaintiff seeks to assert a *Brady* violation relative to the unprocessed evidence, he cannot do so in this lawsuit. "Unlike DNA testing, which may yield exculpatory, incriminating, or inconclusive results, a *Brady* claim, when successful postconviction, necessarily yields evidence undermining a conviction: *Brady* evidence is, by definition, always favorable to the defendant and material to his guilt or punishment." *Skinner v. Switzer*, 562 U.S. 521, 536

(2011). Accordingly, *Brady* claims "have ranked within the traditional core of habeas corpus and outside the province of § 1983." *Id.* (*citing Heck v. Humphrey*, 512 U.S. 477, 479 (1994)).

Finally, Plaintiff references several laws in passing, including 42 U.S.C. § 1985 and the Tennessee Constitution. [Doc. 2 at 3-4]. He makes no allegations relative to these provisions. Section 1985(3) "provides no substantive rights itself, it merely provides a remedy for violation of the rights it designates." *Bartlett v. Washington*, 793 F. App'x 403, 408 (6th Cir. 2019) (*quoting Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366 (1979)). As Plaintiff has not been deprived of his right to due process, he cannot maintain a conspiracy claim based on such a deprivation. *See id.* Similarly, Tennessee does not recognize a private right of action for money damages based on the Tennessee Constitution. *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996) ("The plaintiff can state no claim of a state constitutional violation in this case because Tennessee does not recognize a private cause of action for violations of the Tennessee Constitution."). To the extent Plaintiff asserts claims under 42 U.S.C. § 1985 or the Tennessee Constitution, they should therefore be dismissed.

V. Conclusion

For the reasons stated herein, it is **RECOMMENDED** that this action be **DISMISSED** without prejudice and the application for *in forma pauperis* status be **DENIED AS MOOT**.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE